UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CAROLYN D. SPEARS,<br><br>    Plaintiff,<br><br>VERSUS<br><br>LOUISIANA COLLEGE,<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br>JUDGE _____<br><br>MAGISTRATE JUDGE _____<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

The Complaint of Carolyn D. Spears with respect represents that:

### The Parties

**1.** Plaintiff Carolyn D. Spears is a resident and a citizen of Evangeline Parish, Louisiana, whose permanent mailing address is 3355 Highway 115, St. Landry, Louisiana, 71367, and the United States District Court for the Western District, Alexandria Division.

**2.** Defendant Louisiana College is a non-profit corporation organized and existing under the laws of the State of Louisiana with its principal office and place of business located in Pineville, Louisiana and whose mailing address is 1140 College Drive, Pineville, Louisiana, 71359. Louisiana College is a private co-educational college of liberal arts and sciences with selected professional programs, which is operated by the Louisiana Baptist Convention, its sole member. It is accredited by the Commission on Colleges of the Southern Association of Colleges and Schools ("SACSCOC"). By virtue of its accreditation by SACSCOC, Louisiana

College is eligible to participate in various programs authorized under Title IV of the Higher Education act [20 U.S.C. 1001, et seq.] and to receive federal funds for sponsoring and administering these programs. In addition, Louisiana College is eligible to receive and, in fact, receives funds from the Louisiana Board of Regents as reimbursement for educating Louisiana residents. La. R.S. 17:3053D. It participates in various federal education programs and receives funding from the State of Louisiana and the Federal government for various programs.

    **3.**    Plaintiff's claims arise under:

    (a)    The provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e, as amended, prohibiting discrimination on the grounds of her gender and her religious beliefs, and prohibiting retaliation against Plaintiff by Defendant for engaging in protected activities and opposing Defendant's unlawful discrimination and actions hereinafter set forth; and

    (b)    The provisions of 29 U.S.C. §623 prohibiting discrimination upon the grounds of age; and

    (c)    Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. §§1231-1234, prohibiting discrimination because of a disability.

The acts taken by Defendant were pretextual and in retaliation for Plaintiff's actions in opposing Defendant's discriminatory and unlawful actions.

## The Relevant Facts

    **4.**    Plaintiff was employed by Defendant Louisiana College under a written contract of employment as a full time ranked Senior Professor teaching "twelve hours per semester" as required for all full time faculty and as a fully tenured member of its faculty for the 2016-2017 academic year. A true and correct copy of Plaintiff's contract of employment at the time she was terminated is attached hereto and made a part hereof as Exhibit "A."

    **5.**    Plaintiff was terminated from her employment by Defendant by letter dated

February 20, 2017, effective July 31, 2017, a copy of which is attached hereto and made a part hereof as Exhibit "B." Plaintiff is informed and believes, and alleges upon information and belief, that her job was initially offered to Dr. Hans Leis, a male member of Defendant's faculty, but Dr. Leis turned the offer down. Plaintiff is further informed and believes, and alleges upon information and belief, that Defendant then offered her job to Dr. Michael E. Brunet, a younger male member of Defendant's faculty who had previously worked under Plaintiff, who accepted her position.

**6.** Plaintiff was born September 25, 1941. At the time of her termination, Plaintiff was seventy-five (75) years old. Plaintiff was employed as a full-time member of Defendant's faculty on August 1, 1977. Plaintiff became a tenured member of Defendant's faculty in 1984.

**7.** Plaintiff was qualified in all respects for her teaching position and her duties and responsibilities as a member of the faculty at Louisiana College. In addition to her forty (40) years of full time service to Louisiana College, Plaintiff held a Doctor of Education in Health and Physical Education Administration from Louisiana State University, Baton Rouge, Louisiana, conferred in 1969; a Master of Science in Health and Physical Education Administration degree from Northwestern State University, Natchitoches, Louisiana, conferred in 1965; and a Bachelor of Science in Physical Education degree from Louisiana College, Pineville, Louisiana, conferred in 1962. Defendant Louisiana College recognized the quality and value of the services provided by Plaintiff by awarding her the prestigious Claude Kirkpatrick Endowed Professorship and the Distinguished Alumni Award in 2007, and inducting Plaintiff into the Louisiana College Sports Hall of Fame in 2008. Plaintiff was better qualified for her position than Dr. Hans Leis.

**8.** Plaintiff was diagnosed with adenocarcinoma in the fall of 2012. She was treated

with a complete hysterectomy, followed by radiation. The cancer recurred and Plaintiff was diagnosed with Stage 4 Cancer in 2014. Treatment (including both invasive and non-invasive procedures) immediately began and continued. Plaintiff received specialized treatment at M.D. Anderson beginning in the Spring and Summer of 2016. Plaintiff currently receives quarterly check-ups at M.D. Anderson and is presently without signs of any malignancy. The accommodation did not affect the quality of the services provided by Plaintiff.

**9.** Defendant accommodated Plaintiff when Plaintiff was required to be out of town for treatments and on other occasions. See letter dated May 8, 2014, from Dr. Joe W. Aguillard to Plaintiff attached as Exhibit "C." Plaintiff's job did not include mandatory summer work. Plaintiff was able to work around her schedule with the help and coordination of Dean Smith-Ross so that Plaintiff was able to substantially perform her job duties and responsibilities, without any damage or impairment to Defendant or her Department.

**10.** Louisiana College employed Dr. Richard B. Brewer as its President in March of 2015. Dr. Brewer began his employment as President of Louisiana College on April 7, 2015, and continues to serve in that capacity. Plaintiff is informed and believes, and alleges upon information and belief, that Dr. Brewer is a "Calvinist" in his religious beliefs. Plaintiff is further informed and believes, and alleges upon information and belief, that Dr. Richard B. Brewer and Dr. Cheryl D. Clark, Defendant's Acting Vice President and Dean of Academic Affairs, acting on behalf of Defendant Louisiana College, conspired and agreed upon a plan designed to embarrass and humiliate Plaintiff and thereby cause Plaintiff to resign her employment with Defendant. When Plaintiff refused to resign, Plaintiff was terminated.

**11.** On or about April 22, 2015, Dr. Cheryl D. Clark openly attacked Plaintiff at a

meeting of the Academic Council of Louisiana College, calling the courses taught by Plaintiff for years as a "joke." Dr. Camacia Smith-Ross, Plaintiff's immediate supervisor, and Dr. Kimberly Sharp, the Dean of Nursing, were both present at the meeting and heard the comments. Dr. Clark's comments spread throughout the Louisiana College campus like wildfire.

**12.** As a result of the fear, humiliation and emotional distress caused by Dr. Clark's public and professional attacks, Plaintiff consulted Dr. Michael P. Shamblin, Associate Vice-President, Associate Professor of Education under Plaintiff's supervision, and former Chair of the Division of Education, and Dr. Joe W. Aguillard, who was "President Emeritus" and a fully tenured member of Defendant's faculty, to assist her in filing grievance or "whistleblower" complaints and they agreed to do so.

**13.** In July of 2016, Plaintiff was advised by Dr. Cheryl D. Clark, without any prior notice to or discussion with Plaintiff, that Plaintiff's Department was being re-organized and restructured by moving the Health and Physical Education Department out of the School of Education and putting it under the Department of Nursing/Allied Healthcare.

**14.** In addition, Dr. Clark demoted Plaintiff by stripping Plaintiff of her duties and responsibilities as Division Chair and Department Coordinator and cut Plaintiff's salary by approximately Five Hundred And No/100 Dollars ($500.00) per month. Dr. Michael E. Brunett, a male employee of Defendant who had previously worked under Plaintiff and who was then approximately forty-five (45) years old, was promoted by Defendant to fill the positions previously held by Plaintiff. Dr. Clark also unilaterally changed Plaintiff's teaching schedule for the fall of 2016 academic year and rejected Plaintiff's request for medical accommodations.

**15.** Although Defendant's letter terminating Plaintiff's employment [Exhibit "B"] did

not state a reason or ground for her termination, Dr. Richard B. Brewer subsequently wrote in a letter entitled "*Official Response From Dr. Rick Brewer*," dated May 18, 2017, which Defendant posted on the internet, that:

> "As you know, **Dr. Spears retired from the full time faculty at LC in 2007**, and since that time has served as a contract **adjunct** senior professor, which under LC policy is a year-to-year engagement on an as-needed basis." (Emphasis added.)

And further:

> "We were all saddened by Dr. Spears' illness in 2015 and prayed for her recovery. Our sympathy and commitment to her extended to the point of ***continuing to pay her full salary for two years without her ever teaching a single student, although the College was not obligated to do so.*** As you can understand, LC cannot sustain such a practice, which has never been afforded any other faculty member." (Emphasis added.)

all as will more fully appear from an excerpted copy of the letter attached hereto as Exhibit "D."

**16.** The reasons stated by Defendant for Plaintiff's termination in the aforesaid letter [Exhibit "D"] that Plaintiff "retired from the full time faculty at LC in 2007," that Plaintiff was an "adjunct" professor and that Plaintiff was paid "her full salary for two years without her ever teaching a single student" were and are completely false and pretextual. Plaintiff not only taught during the time period specified by Dr. Brewer but exceeded her hour requirement as Division Chair, while also teaching "overloads." Plaintiff in fact taught over four hundred (400) students during the time described by Dr. Brewer. In 2016, Plaintiff even completed her Spring semester while undergoing radiation at M.D. Anderson. In contrast to Plaintiff, adjuncts are hired to teach specific courses on a semester basis only.

**17.** Plaintiff subsequently filed a "whistleblower" complaint with Dr. Richard B. Brewer on or about May 2, 2015, with respect to Dr. Clark's April 22, 2015 attack upon her

(Exhibit "E") and an EEOC Complaint against Defendant.

**18.**   Defendant's "Equal Employment Opportunity and Affirmative Action Policies," a copy of which is attached hereto as Exhibit "F," expressly provides, among other things, that:

> "The College prohibits any retaliatory action against an employee for opposing a practice which he/she believes to be discrimination or including the filing of an internal grievance or a charge with a state or federal civil rights enforcement agency."

**19.**   Defendant's actions in attacking, demoting and ultimately terminating Plaintiff were in retaliation for the "whistleblower" complaints and grievances filed by Plaintiff, including her Equal Employment Opportunity Commission ("EEOC") complaints.

**20.**   Unfortunately, while in the course of preparing a "whistleblower" complaint on behalf of Plaintiff, the drafts of which were stored on Dr. Aguillard's computers, Dr. Aguillard's computers were illegally and tortuously seized on September 28, 2016, and were both "hacked" by Defendant at the direction of Dr. Brewer.  As a result, the drafts of Plaintiff's "whistleblower" complaint which cited multiple SACSCOC violations, were discovered by Defendant and Dr. Brewer and used as reason to terminate both Plaintiff and President Emeritus, Dr. Aguillard..

**21.**   Plaintiff is not a "Calvinist" in her religious beliefs. Plaintiff is informed and believes, and alleges upon information and belief, that unlike Dr. Brewer, Dr. Aguillard, Dr. Shamblin and Dr. Camacia Smith-Ross are not "Calvinists" in their religious beliefs.

**22.**   Dr. Joe W. Aguillard, Dr. Michael P. Shamblin, Dr. Camacia Smith-Ross, along with Plaintiff, were all subsequently terminated and discharged from their employment by Dr. Richard B. Brewer, in part, because of their religious beliefs.

**23.**   Plaintiff is informed and believes, and alleges upon information and belief, that

Dr. Brewer had a pre-existing hostile and antagonistic relationship with Dr. Aguillard and was looking for grounds to terminate Dr. Aguillard's employment as "President Emeritus" of Louisiana College because of fundamental differences in their religious beliefs. Plaintiff is further informed and believes, and alleges upon information and belief, that Dr. Brewer subsequently alleged that Dr. Aguillard had breached his employment agreement and sought to have Dr. Aguillard terminated specifically for assisting Plaintiff, who was his supervisor, in drafting her "whistleblower" complaints.

**24.** Defendant's alleged grounds for terminating Plaintiff as a fully tenured faculty member is and was mere pretext. Defendant retaliated against Plaintiff for Plaintiff's attempt to protect her employment rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended, from unlawful discrimination on the grounds of her gender and her religious beliefs and in retaliation for Plaintiff's opposition to Defendant's discriminatory practices.

**25.** Plaintiff filed a "Charge of Discrimination" with the EEOC and the Louisiana Commission on Human Rights on or about January 25, 2017, alleging that Louisiana College had discriminated against her because of her gender and religious beliefs and Defendant's unlawful retaliation and Defendant's discrimination against Plaintiff because of her age and her disability. A copy of Plaintiff's "Charge of Discrimination" is attached hereto as Exhibit "G-1."

**26.** Plaintiff subsequently amended her "Charge of Retaliation/Discrimination" against Louisiana College on June 4, 2017, claiming that Louisiana College had retaliated against her by terminating her employment and making false, defamatory and retaliatory statements about her. An excerpted copy of this "Charge of Discrimination" is attached hereto as Exhibit "G-2."

**27.** The EEOC issued a "Right to Sue" letter on the charges referred to hereinabove under date of December 21, 2017, a copy of each of which is attached hereto and filed herewith as Exhibit "H." Thus, this Petition is timely filed.

**28.** Plaintiffs requests a jury trial of all issues.

WHEREFORE, Plaintiff prays that Defendant Louisiana College be duly served with a copy of this Complaint and duly summoned to appear and answer or otherwise respond to this Complaint and that, after due proceedings had, Plaintiff be awarded all of the relief to which she is legally or equitably entitled, including, but without being limited to, back-pay and front- pay.

Plaintiff further prays for all orders or decrees necessary or proper in the premises and for full general and equitable relief, including her reasonable attorney's fees and all costs.

                              Respectfully submitted,

                              THE PESNELL LAW FIRM
                              (A Professional Law Corporation)

                                  *s/Billy R. Pesnell*
By: _____
                              Billy R. Pesnell
                              Louisiana State Bar Roll No. 10533
                              J. Whitney Pesnell
                              Louisiana State Bar Roll No. 15035
                              W. Alan Pesnell
                              Louisiana State Bar Roll No. 23249

                              H.C. Beck Building, Suite 1100
                              400 Travis Street (Zip: 71101)
                              Post Office Box 1794
                              Shreveport, Louisiana 71166-1794
                              Telephone: (318) 226-5577
                              Telecopy: (318) 226-5578

                --       Attorneys for Plaintiff Carolyn D. Spears.